UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TAMMY E. WALTON                                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:13CV391-HSO-RHW

CAROLYN W. COLVIN
COMMISSIONER OF SOCIAL SECURITY                        DEFENDANT


**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

This matter is before the undersigned on Tammy E. Walton's appeal from the

Commissioner of Social Security's (Commissioner) denial of her claim for supplemental security

income (SSI). Walton applied for SSI alleging that she became disabled beginning November

29, 2010. Walton's application was denied at the initial level and on reconsideration. Walton

requested a hearing before an Administrative Law Judge (ALJ), which was conducted on March

7, 2012.

The ALJ issued a decision on June 28, 2012, finding that Walton had severe impairments

of cardiomyopathy, cervical and lumbar disc disease, scoliosis, and osteoarthritis with possible

connective tissue disease involving the hands. Doc. [8] at 36. However the ALJ concluded that

Walton's impairments did not meet or medically equal the severity of one of the listed

impairments. *Id.* at 37. The ALJ found that Walton retained the residual functional capacity

(RFC) to perform light work, except that she requires the option to walk around briefly (no more

than five minutes) after sitting for thirty minutes, and to sit briefly after standing or walking for

thrity minutes; and she should require only occasional use of her hands to handle, finger, or feel

objects. *Id.* Ultimately, the ALJ concluded that Walton was not disabled because there are jobs

that exist in significant numbers in the economy that she can preform.  *Id.* at 39.

The Appeals Council denied Walton's request for review.  Now before the undersigned is Walton's brief in support of her request for remand of this matter to the Commissioner of Social Security.  Doc. [9].  The Commissioner has filed a memorandum in opposition.  Doc. [10].  In her brief Walton raises only one issue:  "whether substantial evidence supports the weight accorded to Plaintiff's treating physician."  Doc. [9] at 1.

## Law and Analysis

### Standard of Review

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence.  *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g).  This standard requires supporting evidence that is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court is not permitted to "reweigh the evidence in the record, nor try any issues *de novo*, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision."  *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988).  "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'"  *Brown*, 192 F.3d at 496 (quoting *Selders v.*

2

*Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).  While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment.  42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5).  The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520(a), § 404.920(a).  Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work.  *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step.  *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987).  Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy.  The burden then shifts back to the claimant to establish that he cannot perform this alternative employment.  *Id*.

**<u>Treating Physician</u>**

Walton argues that the ALJ did not give proper weight to her treating physician, Dr.

3

Christopher Nichols, whose opinion the ALJ gave "little weight".  Doc. [8] at 39.  In her brief, Walton outlines Dr. Nichols' treatment notes with respect to Walton's various medical conditions.  She also argues that the non-examining agency physician, Dr. Glenn James, did not provide any rationale for his residual functional determination (RFC), which the ALJ gave "significant weight" and relied upon in determining Walton's RFC.

The opinion of a treating physician is to be given controlling weight if the opinion is well-supported by clinical and laboratory findings and is not inconsistent with other substantial evidence in the record.  20 C.F.R. 404.1527(d)(2); *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005).  The ALJ may accord lesser weight to a treating physician's opinion for good cause, such as where the treating physician's opinion is conclusory, not credible, or unsupported by objective medical evidence or clinical laboratory findings.  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  "Absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)."  *Id.* at 453 (emphasis in the original).  The criteria for assessing a treating physician's opinion as required by 20 C.F.R. § 404.1527(d)(2) are: (1) the physician's length of treatment of the claimant;  (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.

The ALJ is free to assign little or no weight to the opinion of any physician for good cause.  *Newton*, 209 F.3d at 455-56.  A treating physician's opinion may be rejected when the

evidence supports a contrary conclusion.  *Martinez*, 64 F.3d at 176.  "If the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence form the treating physician".  *Newton*, 209 F.3d at 453.

In this case the ALJ explained her rationale for giving little weight to Dr. Nichols.  The ALJ found that Dr. Nichols' opinions about Walton's ability to work and his conclusion that she is "probably disabled" were not consistent with the preponderance of the evidence.  Doc. [8] at 39.  Specifically, the ALJ noted that Dr. Nichol's initial treatment records through November 18, 2010 show that despite her impairments, Walton retained near full cervical range of motion, 4/5 motor strength, and symmetrical upper and lower extremity reflexes.  *Id.*  The ALJ further noted that there was no notation of focal weakness or significant radicular symptoms in these records.  *Id.*  To the extent that Dr. Nichols concluded that Walton is disabled or unable to work, an ALJ is not required to give any weight to a medical opinion that a claimant is "disabled" or "unable to work".  Rather the ALJ makes the disability determination based on consideration of the medical findings.  *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).  The undersigned also notes that when offered the opportunity, Dr. Nichols declined to provide a statement regarding Walton's functional limitations, explaining that he did not have the equipment available to perform a fair and accurate evaluation.  Doc. [8] at 374.

In assessing Walton's limitations, the ALJ pointed out that during the hearing, Walton acknowledged that she retains the ability to shop, drive an automobile, prepare meals, and perform household chores.  *Id.* at 37-38.  Moreover, the ALJ found that the record did not

establish respiratory or musculoskeletal deficits, range of motion deficits, or hand manipulation limitations not reasonably accommodated by limitations set out in the RFC. *Id.* at 38. Prescribed medications generally have controlled Walton's symptoms. *Id.* An MRI of Walton's lumbar spine on February 10, 2011, found only mild osteoarthritic changes with no acute abnormalities. Blood tests on March 2, 2011 were normal. *Id.* Records from Cardiology Associates dated August 12, 2011, showed that Walton's symptoms were generally controlled with proper medication use and alcohol abstinence. *Id.* According to emergency room treatment records, on August 22, 2011, Walton admitted that she was able to move well as a result of medications. *Id.* The discharge notes did not indicate any respiratory or musculoskeletal deficits. *Id.* On January 3, 2012, Dr. Nichols noted that Walton's symptoms were well controlled through medication use and alcohol abstinence. *Id.* In addition to her assessment of the medical records, the ALJ relied on Dr. James' opinion regarding Walton's limitations. *Id.* at 39.

Based on the foregoing, the undersigned concludes that the ALJ had good cause for giving little weight to Walton's treating physician, and that there is substantial evidence supporting the ALJ's decision. As developed in the ALJ's discussion of Walton's limitations, Dr. Nichols' conclusions regarding Walton's "disability" were not consistent with the medical evidence. Instead, the ALJ gave significant weight to Dr. James who reviewed Walton's medical records and provided a statement regarding Walton's residual functional capacity. The ALJ gave Walton "some benefit of doubt" and assigned an RFC less restrictive than that outlined in Dr. James' report. *Id.* at 39. It appears from the record that Dr. James is the only medical source to give an RFC assessment and assign limitations to Walton. Walton testified at the hearing that no physician imposed any restriction on the amount she could lift. Doc. [8] at 84. Dr. James noted

in his comments that Walton had normal back, extremity, and neurological exams. *Id.* at 286. Although Dr. James' report lacks a detailed narrative explaining his conclusions, the ALJ's findings took into account the totality of the medical evidence in explaining the basis for the assigned RFC; and more specifically, the basis for giving little weight to the opinion of the treating physician Dr. Nichols.  Other than Dr. Nichols' statements about Walton's "disability", Walton does not explain how Dr. James' report or the RFC assigned by the ALJ is inconsistent with the opinion of her treating physician, Dr. Nichols.

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Commissioner's decision denying Walton's claim for disability should be affirmed.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 16th day of January, 2015.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE