### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | |
|---|---|
| **TAMMY E. WALTON** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 1:13-cv-391-HSO-RHW** |
| **CAROLYN W. COLVIN,** Commissioner of Social Security | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S [12] OBJECTIONS, ADOPTING MAGISTRATE'S [11] PROPOSED FINDINGS OF FACT AND RECOMMENDATION, AND AFFIRMING DECISION OF THE COMMISSIONER

This matter is before the Court on Plaintiff Tammy E. Walton's Objections [12] to Magistrate Judge Robert H. Walker's Proposed Findings of Fact and Recommendation [11]. The Magistrate Judge reviewed Walton's Complaint [1] and Brief [9] which asks the Court to reverse the decision of the Commissioner of Social Security or remand the case for further hearing. Compl. [1] at 2; Br. [9] at 8. The Magistrate Judge recommended that the Commissioner's decision denying Walton's claim for benefits be affirmed. Proposed Findings of Fact and Recommendation [11] at 7.

Walton has filed Objections [12] to the Proposed Findings of Fact and Recommendation [11], and Defendant Commissioner Carolyn W. Colvin has filed a Response [13] to Walton's Objections [12]. After review of the record and relevant law, the Court, being fully advised in the premises, finds that Walton's Objections [12] should be overruled, that the Magistrate Judge's Proposed Findings of Fact and Recommendation [11] should be adopted in their entirety as the finding of this

Court, and that the Commissioner's decision should be affirmed.

## I. BACKGROUND

A. <u>Standard of Review</u>

Because Plaintiff Tammy E. Walton ("Claimant" or "Walton") has filed Objections to the Magistrate's Proposed Findings of Fact and Recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). In reviewing the Commissioner's decision, a federal court considers only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports her decision. *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) (citation omitted).

Substantial evidence must be more than a scintilla, but it need not be a preponderance. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citation omitted). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quotation omitted). Under this standard, a court cannot "re-weigh the evidence or substitute [its] judgment for that of the Commissioner." *Id.* (quotation omitted).

To the extent that a plaintiff does not object to portions of a magistrate judge's proposed findings of fact and recommendation, a court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1). In such cases, a court need only review the proposed findings of fact and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.  Standard for Entitlement to Social Security Benefits

The United States Court of Appeals for the Fifth Circuit has explained that

> [i]n order to qualify for . . . [Supplemental Security Income], a claimant must suffer from a disability. *See* 42 U.S.C. § 423(d)(1)(A). The Social Security Act defines a disability as a "medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity." *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002); *see also* 42 U.S.C. § 423(d)(1)(A).

*Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

"The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act." *Id.* (citing 20 C.F.R. § 404.1520; *see also Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002)). The Fifth Circuit has described the five-step analysis as follows:

> First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove

that he cannot in fact perform the work suggested.

*Id.* (quotation omitted).

C.    <u>The Administrative Law Judge's Decision</u>

Claimant applied for Supplemental Security Income ("SSI") on November 29, 2010, claiming that she became disabled on November 1, 2009. R. [8] at 102, 127. Claimant subsequently amended her onset date to November 29, 2010. *Id.* at 67. Claimant's application was denied on February 24, 2011, and again on reconsideration on May 20, 2011. *Id.* at 102-12. Claimant requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 7, 2012. *Id.* at 41, 113.

After conducting a hearing on March 7, 2012, the ALJ determined on June 28, 2012, that:

>  1.    The claimant has not engaged in substantial gainful activity since November 29, 2010, the application date (20 CFR 416971 *et seq.*).
>  2.    The claimant has the following severe impairments: cardiomyopathy, cervical and lumbar disc disease, scoliosis, and osteoarthritis with possible connective tissue disease involving the hands (20 CFR 416.920(c)).
>  \* \* \*
>  3.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 419.926).
>  \* \* \*
>  4.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual function capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except she requires the option to walk around briefly (not more than five minutes) after sitting for thirty minutes, and to sit briefly after standing or walking for thirty minutes; and her should [sic] require only occasional use of her hands to handle, finger, or feel objects.
>  \* \* \*

> 5. The claimant has no past relevant work (20 CFR 416.965).
> 6. The claimant was born on July 22, 1961 and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
> 7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
> 9. Considering the claimant's age, education, work experience, and residual function capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

*Id.* at 32-35 (emphasis removed). Based on the foregoing, the ALJ concluded that "the claimant has not been under a disability within the meaning of the Social Security Act since November 29, 2010, the date the application was filed." *Id.* at 30.

In making her findings, the ALJ gave little weight to the opinions of Claimant's treating physician, Dr. Christopher Nichols, that claimant was "unable to work" as of April 26, 2011, and that claimant was "probably disabled from most of her symptoms from what I can tell" in January 2012. *Id.* at 35. In assigning little weight to the treating physician's opinions, the ALJ concluded they were "not consistent with the preponderance of the evidence." *Id.* Instead, the ALJ assigned "significant weight" to the February 23, 2011, opinion of Dr. Glenn James, a medical consultant employed by the state Disability Determination Services, that Claimant retained the ability to perform the full range of light work. The ALJ determined that this opinion was consistent with the preponderance of the evidence in the record. *Id.*

Claimant sought review of the ALJ's decision before the Appeals Council. R. [8] at 21. On September 5, 2013, the Appeals Council "found no reason under [its]

rules to review the Administrative Law Judge's decision," and "denied [Claimant's] request for review." *Id.* at 1. Claimant then filed her Complaint [1] in this Court on October 10, 2013, seeking reversal of the Commissioner's decision that she is not entitled to disability benefits. Compl. [1] at 2. In her supporting Brief, Claimant requests a remand to the Commissioner for further hearing. Br. [9] at 8. Claimant identifies the issue on appeal as whether the ALJ committed reversible error by failing to state the weight given to the opinions of the Claimant's treating physician, Dr. Nichols, as required by 20 C.F.R. § 416.927(c). *Id.* at 1. Claimant contends that the ALJ improperly gave "significant weight" to the opinion of Dr. Glenn James when the ALJ should have given controlling weight to the opinion of Dr. Nichols, as the treating physician. *Id.* at 5-8.

D.  Magistrate Judge's Proposed Findings of Fact and Recommendation [11]

On January 16, 2015, the Magistrate Judge entered his Proposed Findings of Fact and Recommendation [11]. The Magistrate Judge determined that the ALJ explained her rationale for giving little weight to Claimant's treating physician's opinions and that the ALJ had good cause for doing so. Proposed Findings of Fact and Recommendation [11] at 5-6. The Magistrate Judge found that the treating physician's conclusions regarding Claimant's purported "disability" were not consistent with the medical evidence. *Id.* at 6. The Magistrate Judge therefore recommended that the Commissioner's decision denying Claimant's claim for disability be affirmed. *Id.* at 7.

E.  Claimant's Objections [12]

On January 30, 2015, Claimant filed Objections [12] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [11]. Claimant contends that the Magistrate Judge's "view of the evidence fails to examine the full breadth of medical reports in the file." Objs. [12] at 1. Claimant points to an imaging report of her lumbar spine and hands from February 10, 2011, and an office note from Dr. Nichols from January 3, 2012. Id. at 1-2 (citing R. [8] at 365, 377). Claimant maintains that

> [n]either Dr. James' report nor the ALJ's decision addresses these specific records, which demonstrate that the [Claimant's] condition deteriorated greatly between the time of the notes referenced by both the ALJ and the Recommendation, the time of Dr. James' report (completed 2/23/11) and the time of the ALJ's decision, over one year later. No explanation is provided by the ALJ for her failure to address the discrepancies between the records specifically discussed and cited in her decision and the later records that show the [Claimant's] condition had progressed.
>
> The ALJ's failure to address these specific notes, which are supportive of Dr. Nichol's opinion that the claimant is severely limited and likely disabled, and which show additional orthopedic limitations not considered by Dr. James, is reversible error.

Id. at 2.

## II. ANALYSIS

A.  The ALJ's Consideration of the February 10, 2011, Imaging Report

Claimant complains that the ALJ did not specifically consider the February 10, 2011, imaging report of Claimant's lumbar spine from Radiology Associates of Mobile, P.C. Objs. [12] at 1-2. This imaging report was marked as Exhibit B7F at

the hearing before the ALJ.  R. [8] at 295.[1]  The ALJ clearly considered this imaging report in reaching her determination.  For example, the ALJ specifically noted that this imaging report reflected that Claimant had "only mild osteoarthritic changes with no acute abnormalities."  *Id.* at 34.

To the extent that Claimant objects to the weight accorded this exhibit by the ALJ, the Court cannot "re-weigh the evidence or substitute [its] judgment for that of the Commissioner."  *Boyd*, 239 F.3d at 704 (quotation omitted).  Moreover, a challenge to an ALJ's decision based on evidentiary weight does "not vitiate the evidentiary sufficiency of the ALJ's conclusion."  *Thomas v. Colvin*, 587 F. App'x 162, 164 (5th Cir. 2014).  This objection should be overruled.

B.  <u>The ALJ's Consideration of the Treating Physician's Opinion</u>

Despite Claimant's arguments to the contrary, the record is clear that the ALJ considered and specifically referenced Dr. Nichols' January 3, 2012, note in her findings.  R. [8] at 34-35.  The ALJ relied upon this note to the extent that it

---

[1] There is apparently some confusion in the record about this exhibit.  In her Objections [12], Claimant refers to this exhibit at Record page 377.  Objs. [12] at 2.  That copy of the exhibit is labeled Exhibit B16F.  Exhibit B16F was not one which the ALJ considered, *see* R. [8] at 38-40, but was instead first presented to the Appeals Council after the ALJ's decision, *id.* at 5 (Order of Appeals Council listing Exhibit B16F "Medical records from Radiology Associates dated February 10, 2011," as additional evidence made part of the record).  However, a copy of this identical imaging report is also contained in the record as Exhibit B7F, which the ALJ did consider in making her benefits determination.  *Id.* at 32-35, 40, 295.  Regardless of whether the February 10, 2011, imaging report was presented to the ALJ or the Appeals Council first, the result would not change.  When additional evidence is presented while a case is pending review by the Appeals Council, a court must "review the record as a whole, including the new evidence, in order to determine whether the Commissioner's findings are still supported by substantial evidence."  *Higginbotham v. Barnhart*, 163 F. App'x 279, 281 (5th Cir. 2006) (citing *Wilkins v. Sec'y, Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)).

indicated that Claimant's "pain is acceptably controlled with prescribed medications." *Id.* at 35. However, the ALJ found that Dr. Nichols' April 26, 2011, opinion that Claimant was "unable to work" and his January 2012 opinion that Claimant was "probably disabled from most of her symptoms from what I can tell" were not consistent with the preponderance of the record evidence, and therefore accorded those opinions "little weight." *Id.*

The Fifth Circuit has "long held that ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (quotation omitted). On the other hand, "[t]he treating physician's opinions, however, are far from conclusive. The ALJ has the sole responsibility for determining the claimant's disability status." *Id.* (quotation omitted).

> Accordingly, when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence.

*Id.*

20 C.F.R. § 416.927(c) sets forth the factors to consider when deciding what weight to accord any medical opinion. These factors include: (1) the examining relationship between the claimant and the physician; (2) the treatment relationship between the claimant and the physician; (3) the supportability of the physician's opinion by relevant evidence; (4) the consistency of the opinion with the record as a

whole; (5) the specialization of the physician; and (6) any other factors which may tend to support or contradict the opinion. 20 C.F.R. § 416.927(c).

The ALJ explained her basis for concluding that Dr. Nichols' opinions were entitled to little weight. R. [8] at 34-35. According to the ALJ, Dr. Nichols' opinions were "not consistent with the preponderance of the evidence." *Id.* at 35 (citing Exhibits B-7F and B-14F). The ALJ reviewed all of the medical evidence for the time period in question, including the Physical Residual Functional Capacity Assessment performed by Dr. Glenn James and Claimant's own testimony at the hearing. *Id.* at 33-35. The ALJ found "claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not credible to the extent they are inconsistent with [Dr. James'] residual functional capacity assessment." *Id.* at 34.

The ALJ further determined that "[t]he record does not establish respiratory or musculoskeletal deficits, range of motion deficits, or hand manipulation limitations not reasonably accommodated by the limitations in the determined residual functional capacity." *Id.* (citing Exs. B-1F – B-14F). The ALJ noted that the Claimant's prescribed medications generally controlled her symptoms and that there was no objective evidence of current medication side effects or ineffectiveness. *Id.* (citing Exs. B-1F – B-14F). The ALJ also relied on the August 22, 2011, emergency room treatment records from the University of South Alabama Hospitals, which showed that the Claimant admitted that she was able to move well

as a result of the medications, and observed no respiratory or musculoskeletal deficits during discharge. *Id.* (citing Ex. B-13F). The ALJ also pointed out that Dr. Nichols' January 3, 2012, note indicated that Claimant's symptoms were well controlled through use of medication. *Id.* (citing Ex. B-14F). Dr. Nichols stated that Claimant "does well with Percocet and just a break through 1 Lortab or ½ a Lortab." *Id.* at 365.

Moreover, the statements in Dr. Nichols' April 26, 2011, medical record that Claimant "is unable to work at this time," and in Dr. Nichols' January 3, 2012, note that Claimant is "probably disabled," are conclusory. *Id.* at 294, 365. Conclusory opinions by a treating doctor that "an applicant is 'disabled' or 'unable to work'" have no "special significance" in an ALJ's determination. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (citing 20 C.F.R. § 404.1527(e)(1)).

Having reviewed the record as a whole, substantial evidence supported a conclusion different from that reached by Dr. Nichols, and the ALJ thus had good cause for giving Dr. Nichols' opinions little weight. *See Greenspan*, 38 F.3d at 237. Claimant's objection on this point should be overruled.

C.     <u>The ALJ's Disability Determination</u>

Based on the record as a whole, credible medical findings supported the ALJ's decision. *See Boyd*, 239 F.3d at 704. The record contains more than a mere scintilla of evidence to support the Commissioner's determination. *See Leggett*, 67 F.3d at 564. Because "the Commissioner's fact findings are supported by substantial evidence, they are conclusive." *Perez v. Barnhart*, 415 F.3d 457, 461

(5th Cir. 2005) (citation omitted).  This Court is precluded from "reweigh[ing] the evidence or substitut[ing] its judgment for the Commissioner's."  *Id.* (quotation omitted).  Claimant's Objections [12] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [11] should be overruled, and the Commissioner's determination affirmed.

### III.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent *de novo* review of the record and those matters raised in the Claimant's Objections.  For the reasons set forth above, the Court concludes that Claimant's Objections [12] should be overruled.  To the extent Claimant did not object to portions of the Magistrate Judge's Proposed Findings of Fact and Recommendation [11], the Court finds that those portions are neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  The Commissioner's decision denying Claimant's claim for disability benefits is supported by substantial evidence and comports with the relevant legal standards.  The Magistrate's Proposed Findings of Fact and Recommendation [11] should be adopted as the finding of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objections [12] filed in this case by Claimant Tammy E. Walton are **OVERRULED**, and the Proposed Findings of Fact and Recommendation [11] of Magistrate Judge Robert H. Walker are adopted in their entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the decision of the Commissioner is **AFFIRMED**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 9th day of March, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE